## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

VERDELL REESE,

                    Petitioner,           Case Number: 2:13-CV-12366
                                                HONORABLE DENISE PAGE HOOD

v.

JEFFREY LARSON,

                    Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND MOTION FOR APPOINTMENT OF COUNSEL

Petitioner Verdell Reese filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, a state inmate, challenges his convictions for voluntary manslaughter, felon in possession of a firearm, and felony firearm. Now before the Court are Petitioner's Motion for Reconsideration and Motion for Appointment of Counsel.

The Court ordered Respondent to file an answer to the petition by November 11, 2013. Respondent sought an enlargement of time to respond. The Court extended the response time to January 10, 2014. Petitioner seeks reconsideration of that decision, arguing that he was not served with a copy of the motion requesting an enlargement of time, that Respondent failed to establish good cause warranting an

enlargement, and that justice requires denial of the motion.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case.  E.D. Mich. L.R. 7.1(h)(3).  "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain."  *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).  Here, the Court need not decide whether Petitioner was properly served with the motion for an enlargement of time because the Court considers the arguments advanced by Petitioner in support of reconsideration and finds that none of them would have persuaded the Court to reach a different result when deciding the motion for relief from judgment.  Similarly, the arguments advanced by Petitioner do not show a palpable defect by which the Court was misled. Accordingly, the Court denies the motion for reconsideration.

Also before the Court is Petitioner's motion for appointment of counsel.  There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (holding that a habeas petitioner is not entitled to the appointment of counsel to assist in habeas corpus proceedings); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel

2

in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right.") (internal quotation omitted).   A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  The Court determines that the interests of justice do not require appointment of counsel.

The Court **DENIES** Petitioner's "Motion for Reconsideration" [dkt. # 12] and "Motion for Appointment of Counsel" [dkt. # 17].

**SO ORDERED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  August 20, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 20, 2014, by electronic and/or ordinary mail.

S/Julie Owens acting in the absence of LaShawn R. Saulsberry
Case Manager

3

4